IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                Plaintiff,

  v.                                                      OPINION and ORDER

NANCY BERRYHILL,                                    18-cv-51-jdp
  Acting Commissioner, Social Security Administration,

                Defendant.

---

Plaintiff Mary Ann Nawrocki seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying her claims for disability benefits and supplemental security income under the Social Security Act. Nawrocki says that she was injured while working at Target. The administrative law judge found Nawrocki not disabled.

Nawrocki's complaint is difficult to follow. The complaint and its voluminous attachments discuss a long history of Nawrocki's efforts in worker's compensation and employment discrimination litigation, as well as lawsuits she brought against the clerk of court for the United States District Court for the Eastern District of Wisconsin.[1] But the only defendant she names here is the acting commissioner of the Social Security Administration, so I will disregard the other matters Nawrocki discusses in her materials.

The government has filed a motion to dismiss, or alternatively, for summary judgment, Dkt. 9, focusing largely on the untimeliness of Nawrocki's complaint.[2] I will consider the

---

[1] Nawrocki brings a separate lawsuit against Target, as well as several other lawsuits in this court.

[2] The government also seeks dismissal for improper venue, because Nawrocki stated that she

motion as one for summary judgment because of the various materials both parties have included with their briefing. Under the social security statutes and regulations, Nawrocki had 60 days from the date she received the January 7, 2016 Appeals Council's decision in which to file her civil complaint in this court. 42 U.S.C. § 405(g) (claimant has 60 days "after the mailing to [the applicant]" to file civil action); 20 C.F.R. §§ 404.981 and 422.210(c) (both stating that the 60-day period runs from the time the claimant receives the decision). The date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c); *see also Frappier v. Astrue*, No. 09-cv-445-bbc, 2010 WL 1836792, at *1 (W.D. Wis. May 6, 2010) (dismissing social security complaint that was filed 15 days late). If that five-day presumption applies, Nawrocki had until March 14, 2016, to submit her complaint. Instead, she filed it in January 2018.

The 60-day filing requirement is a statute of limitations that must be strictly construed in the government's favor. *See Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). But it can be extended under the doctrine of equitable tolling. *Id*. at 480 (equitable tolling can apply to review of social security decisions). Under this doctrine, a court may toll a statute of limitations if the plaintiff can show that extraordinary circumstances existed that prevented her from filing her complaint on time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bowen*, 476 U.S. at 480–81.

---

resided in Missouri at the time she filed the complaint. Under different circumstances, I would consider transferring the case instead of dismissing it on this ground, but I need not consider transfer because the timeliness issue resolves the case.

However, courts should apply equitable tolling sparingly, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–114 (2002). Nawrocki does not respond to the timeliness argument in her response, or otherwise suggest any reason why I should overlook the nearly two-year gap between the commissioner's final decision and her lawsuit in this court.

The government points out that Nawrocki did file a timely complaint seeking review of the commissioner's decision in the Eastern District of Wisconsin, *see Nawrocki v. Comm'r of Soc. Sec.*, No. 16-cv-275 (E.D. Wis.). But that case was dismissed in October 2016 after Nawrocki failed to prosecute it. Dkt. 9-4. The Court of Appeals for the Seventh Circuit dismissed her appeal as untimely on November 27, 2017. Dkt. 9-5. Courts have concluded that dismissal without prejudice of a timely social security action does not toll the 60-day deadline. *See, e.g., Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 583–84 (11th Cir. 2012); *Garth v. Colvin*, No. 14-1022, 2015 WL 1224079, at *3 (D. Minn. 2015). And even if her initial filing of the Eastern District complaint did toll the deadline, her subsequent failure to prosecute her case or file a timely appeal would render equitable tolling unavailable to her.

So I will grant defendant's motion and dismiss this case as untimely. Nawrocki has filed two other motions: a motion to subpoena a physical therapist who had examined her, Dkt. 13, and a request for an ex parte meeting with her, Dkt. 14. I will deny those motions as moot, although I will also note that I could not grant her request for an ex parte meeting because it would be unfair to defendant for me to meet with her privately.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment, Dkt. 9, is GRANTED.

2. Plaintiff Mary Ann Nawrocki's motions for a subpoena, Dkt. 13, and for an ex parte meeting, Dkt. 14, are DENIED as moot.

3. The clerk of court is directed to enter judgment for defendant and close this case.

Entered November 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge